IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROGER JOEL KARNES, )
          Petitioner )
)
   vs. ) Civil Action No. 08-495
) Magistrate Judge Amy Reynolds Hay
GEORGE PATRICK, Superintendent; )
THE ATTORNEY GENERAL OF THE )
STATE OF PENNSYLVANIA; THE )
DISTRICT ATTORNEY OF THE )
COUNTY OF LAWRENCE, )
          Respondents )

# MEMORANDUM OPINION[1]

HAY, Magistrate Judge

On July 18, 2002, a jury convicted Roger Karnes, ("Petitioner") of sexually abusing one female child in the household, who was apparently the daughter of Petitioner's girlfriend. The sentence was imposed on Petitioner in open court on February 24, 2003. More than five years later, Petitioner filed a Section 2254 habeas petition in this court in order to challenge that conviction and sentence. Because the petition is time barred, as Respondents contend, the petition should be dismissed. Alternatively, because Petitioner has procedurally defaulted all of his claims based upon his failure to file a direct appeal to the Superior Court from his conviction and sentence, and upon his failure to file an appeal to the Superior Court from the denial of his first PCRA petition, and based upon the fact that his second PCRA petition was untimely, the current habeas petition should be dismissed.

---

[1]In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties consented to the undersigned's exercise of plenary jurisdiction over this case. See Dkt. [9] and [10].

### A. Factual and Procedural History

On July 18, 2002, while represented by the Public Defender's Office, a jury convicted Petitioner of one count of Involuntary Deviate Sexual Intercourse with a person less than 13 years old; one count of Aggravated Indecent Assault, and one count of Corruption of Minors.[2] On February 24, 2003, Petitioner appeared in court and the judge imposed the sentence on him. Dkt. [7-4] at 17 n. 2. However, it was not until April 8, 2003 that the actual physical order memorializing the sentence was signed and not until April 9, 2003 that the judgment sentence order was filed on the docket. Id. No appeal was filed from that order.

According to the State Court records, Petitioner executed a pro se PCRA petition on August 25, 2003, and thereafter new counsel in the person of Attorney George Freed was appointed to represent Petitioner in the PCRA proceedings. On October 3, 2003, a counseled amended PCRA petition was filed. On January 8, 2004, a PCRA evidentiary hearing was held. Dkt. [7-3] at 2. On May 21, 2004, the PCRA Trial Court filed its opinion and order denying the petition. No appeal was taken.

Nearly ten months later, on March 18, 2005, Petitioner executed what he styled as a "Motion for Appointment of New Counsel, or to proceed pro se, nunc pro tunc . . ." State Court Record at Dkt. No. 43. In that pro se motion, Petitioner appeared to have alleged that he requested his Public Defender trial court counsel to file an appeal but the Public Defender did not. In that pro se motion, Petitioner also appeared to have alleged that Petitioner requested his

---

[2] This case was <u>Commonwealth v. Karnes</u>, No. CP-37-CR-0001284-2001, the docket of which is available at

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=5095865

PCRA counsel to file an appeal but that PCRA counsel did not. At some point after the March 18, 2005 filing of the pro se motion for appointment of counsel, etc., new counsel in the person of Attorney Acker was appointed to represent Petitioner to prosecute the motion. As a consequence of an agreement between Petitioner and the District Attorney, with the concurrence of the trial court, Petitioner was permitted to file a post-sentence motion nunc pro tunc, challenging his judgment of sentence. Dkt. [7-3] at 2. Hence, on January, 18, 2006, Petitioner filed a post-sentence motion, raising six issues. The trial Court denied the post sentence motion on May 18, 2006. Dkt. [7-2] at 30 to 42. Petitioner, through counsel Acker, then filed a timely appeal to the Superior Court.

On appeal, the Superior Court treated the pro se "Motion for Appointment of New Counsel, or to proceed pro se, nunc pro tunc . . ." which Petitioner had filed in the trial court on March 18, 2005, as a second PCRA petition, given that Petitioner had already filed a first PCRA motion that was un-appealed, and given that, according to the Superior Court, there is no post conviction free-standing motion for nunc pro tunc relief known to Pennsylvania State law other than a PCRA petition seeking such relief. The Superior Court then held that the pro se motion, treated as a second PCRA petition, was untimely filed and hence, the Superior Court quashed the appeal as untimely filed. The Superior Court treated the appeal as being an appeal, not from the trial court's disposition of Petitioner's nunc pro tunc post sentence motions but, rather, as an untimely appeal from the judgment of sentence that had been imposed in 2003. The reasoning apparently being that because the pro se motion, if properly treated by the PCRA trial court as a second PCRA petition which was untimely filed, would have divested the PCRA trial court of jurisdiction over the petition (the PCRA time limits are jurisdictional under Pennsylvania law)

3

and so the PCRA trial court could not have reinstated Petitioner's post sentence motion rights nunc pro tunc. Without such reinstatement of any rights nunc pro tunc, any appeal from the judgment of sentence, would be untimely filed and hence quashed. The Superior Court filed its opinion on May 25, 2007.

Petitioner through counsel filed a timely Petition for Allowance of Appeal ("PAA") in the Pennsylvania State Supreme Court, which was denied on November 27, 2007.

Petitioner did not execute his current Section 2254 habeas petition until April 4, 2008. Dkt. [1]. Petitioner also filed a brief in support of his habeas petition. Dkt. [3]. The Respondents filed their answer, Dkt. [7], and a brief in support, Dkt. [6]. In their response and brief, the Respondents raise, inter alia, the statute of limitations and procedural default as defenses.

### B. Applicable Legal Standards

#### 1. AEDPA is applicable

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254, was effective April 24, 1996. Because petitioner's habeas petition was filed in the year 2008, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) ("Since Werts filed his habeas petition on March 18, 1997, after the effective date of the AEDPA, we are required to apply the amended standards set forth in the AEDPA to his claim for federal habeas corpus relief.") (footnote omitted).

#### 2. Statute of Limitations

As applicable here, AEDPA required Petitioner to file his habeas petition within one year

of the following enumerated events:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>         . . . .
>   (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Even though a habeas respondent has the burden to plead affirmatively AEDPA's statute of limitations, Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002), it is appropriate, where, as here, the habeas petitioner has been put on notice of a statute of limitations defense, to place some burden on him to show why the statute of limitations has not run. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response") (citing Herbst v. Cook, 260 F.3d 1039, 1041-42 (9th Cir. 2001)); Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002). As is demonstrated below, Petitioner has failed to carry his burden to show that the AEDPA statute of limitations has not run.

**C. Discussion**

The Respondents contend that Petitioner's instant petition is untimely because it was not filed within the one year AEDPA statute of limitations. The Respondents are correct.

Petitioner was convicted by the jury on July 18, 2002. However, the judgment of

sentence was not imposed upon Petitioner in open court until February 24, 2003. Under state law, Petitioner had until 30 days thereafter in which to file his appeal. Pa.R.A.P. 903(c)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."). Because Petitioner filed no post sentence motion and took no appeal from the judgment of sentence, Petitioner's conviction became final 30 days after February 24, 2003, which is March 26, 2003. See, e.g., Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999); Woolfolk v. Mechling, No. Civ.A. 02-7211, 2003 WL 22837608, at *4 (E.D. Pa. Nov. 25, 2003)("Direct review of Petitioner's conviction ended on November 20, 1998, since Petitioner did not appeal his guilty plea within thirty days of the sentencing.").

Hence, Petitioner would have had until March 26, 2004, in which to file his habeas petition. Petitioner did not file the present habeas petition until, at the earliest, April 4, 2008, the date whereon he signed his habeas petition.[3] While it is true that a properly filed post conviction or collateral petition that was filed and/or pending would have tolled the running of the limitations period,[4] Petitioner did not file his first PCRA petition until, at the earliest, August 25,

---

[3] The court will deem the date of the filing to be the date Petitioner signed his habeas petition. The so called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). Absent proof of the exact date of delivering the habeas petition to the prison authorities, the court will treat the date whereon Plaintiff signed his habeas petition as the filing date. Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y. 2000) ("Absent evidence to the contrary, the Court assumes that Rhodes gave his petition to prison officials for mailing on the date he signed it, February 9, 1998."); Hudson v. Martin, 68 F.Supp.2d 798, 799, n.2 (E.D. Mich.1999), aff'd, 8 Fed.Appx. 352 (6th Cir. 2001).

[4] See 22 U.S.C. § 2244(d)(2); Bennet v. Artuz, 199 F.3d 116, 119-22 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000).

2003. Hence, between March 26, 2003 (the day his conviction became final) and August 24, 2003, the day before he filed his PCRA petition,[5] a total of 151 days of the 365 days of AEDPA's one year limitations period were consumed.[6] The PCRA petition remained pending (and so tolled AEDPA's statute of limitations) only until 30 days after May 21, 2004, the date whereon the PCRA trial court denied relief and no appeal was filed thereafter. Thirty days after May 21, 2004 is June 20, 2004. Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000) (the one year limitation period continues to be tolled during the period permitted by state law for the taking of a timely appeal from the denial of post-conviction relief even if no appeal is taken).

Nothing further occurred in the state courts until March 18, 2005, when Petitioner executed his pro se "Motion for Appointment of New Counsel . . ." which the Superior Court treated as a second PCRA petition, finding it untimely filed. Because untimely filed PCRA petitions do not constitute " properly filed application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2), such untimely PCRA petitions cannot toll the AEDPA statute of limitations. Merritt v. Blaine, 326 F.3d 157, 159 (3d Cir. 2003) ("We hold that an untimely application for state post-conviction relief by a petitioner, who sought but was denied application of a statutory exception to the PCRA's time bar, is not 'properly filed' under 28 U.S.C. § 2244(d)(2)."). Hence, the time period during which Petitioner's second PCRA

---

[5] Because as of August 25, 2003, Petitioner is deemed to have filed his PCRA petition and hence, the PCRA petition is deemed to have been pending for at least a part of that day, the AEDPA statute of limitations was tolled as of that date, i.e., not counted. See Freeman v. Pew, 59 F.2d 1037, 1037 (D.C. Cir. 1932) ("it has long been the settled doctrine that the law, disregarding fractions, takes the entire day as the unit of time."); In re Susquehanna Chemical Corp., 81 F.Supp. 1, 9 (W.D. Pa. 1948)(general rule is that fractions of a day are to be disregarded), aff'd, 174 F.2d 783 (3d Cir. 1949).

[6] For purposes of AEDPA's one year statute of limitations, a "year" means 365 days. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001); Stokes v. Miller, 216 F.Supp.2d 169 (S.D.N.Y. 2000).

petition was pending did not statutorily toll AEDPA's statute of limitations.

Accordingly, AEDPA's statute of limitations started to run again from June 20, 2004 (i.e., thirty days after the PCRA trial court denied relief on the first PCRA petition) until April 4, 2008 (the date whereon Petitioner signed his habeas petition) or a total of 1384 days. Adding that 1384 days to the 151 days that passed between his conviction becoming final and the filing of his first PCRA petition, yields a result of 1535 days or 1170 days beyond the 365 days of AEDPA's statute of limitations.

Even if we were to equitably toll the time period of the pendency of Petitioner's second untimely filed PCRA petition, i.e., from March 18, 2005 (the date whereon he filed his second PCRA petition) until November 27, 2007 (i.e., the date the Pennsylvania Supreme Court denied the PAA), that would only toll 984 days out of the 1535 days that ran between Petitioner's conviction becoming final (i.e., March 26, 2003) and the date he is deemed to have filed his habeas petition (i.e., April 4, 2008), which means that Petitioner would still have used up 551 (= 1535 minus 984) days or 186 (= 551 minus 365) more days than the 365 days permitted by AEDPA. In other words, Petitioner took from March 26, 2003, the date his conviction became final, until August 25, 2003 to file his first PCRA petition and thus used up 151 of the 365 allotted days. After his first PCRA petition was no longer pending, i.e., 30 days after May 21, 2004, which is June 20, 2004, he waited until March 18, 2005 in order to execute his pro se Motion for Appointment of Counsel, which the State Superior Court treated as an untimely filed second PCRA petition. This used up another 271 days of the AEDPA statute of limitations. Adding this 271 days to the 151 days that had passed between the conviction becoming final and the date he filed his first PCRA petition, yields a result of 422 days, well past the 365 days

8

permitted by AEDPA's statute of limitations. Hence, even before he filed his second PCRA petition, he was time barred from filing his federal habeas petition. Hence, even applying equitable tolling to the time during which his second PCRA petition was pending, would not have saved Petitioner from being time barred here. Still, even after Petitioner's second PCRA petition had been finally decided by the Pennsylvania Supreme Court, denying his PAA on November 27, 2007, Petitioner waited from November 27, 2007 (i.e., the date his second PCRA petition was no longer pending)[7] until April 4, 2008 to file his habeas petition, which amounts to a total of 129 days. Hence, adding that 129 days to the 422 days that already passed as counted above, Petitioner waited a total of 551 days, or more than 186 days beyond the 365 days AEDPA permits. Thus, even equitably excluding the time for the pendency of the second untimely filed PCRA petition, Petitioner still consumed more than 551 days of countable time to file his habeas petition well beyond the AEDPA time limits.

Petitioner has not explicitly argued for any equitable tolling, notwithstanding that Petitioner was apprised that the time bar would be an issue by Respondents' answer. See, e.g., Polk v. Cain, No. Civ. A. 00-3026, 2001 WL 736755, at *9 (E.D. La. June 23, 2001)("A person seeking the tolling of the statute of limitations period has the burden of showing circumstances exist that justify tolling."); Balagula v. United States, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999)("The burden lays with the petitioner to establish the entitlement to equitable tolling.");

---

[7] Petitioner is not entitled to statutory tolling during the 90 days following the Pennsylvania Supreme Court's denial of the PAA **in the PCRA proceedings**, in which he could have filed a petition for certiorari to the United States Supreme Court. Stokes v. District Attorney of Philadelphia County, 247 F.3d 539 (3d Cir. 2001)(the 90 day period in which to file a petition for certiorari following denial of allocatur by the Pennsylvania State Supreme Court in PCRA proceedings does not toll AEDPA's statute of limitations).

Turner v. Singletary, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show that equitable tolling is warranted."). Hence, Petitioner has not carried his burden to show entitlement to equitable tolling and the petition should be dismissed as untimely filed.

In the alternative, Petitioner has procedurally defaulted all of his possible claims, as Respondents contend. Any and all claims related to the jury trial were procedurally defaulted because Petitioner failed to file a timely appeal from the judgment of sentence. Pelzer v. Vaughn, No. Civ.A. 92-0091, 1992 WL 95915, at *5 (E.D. Pa. April 16, 1992) ("If an issue has once been raised [in the state court of first instance], but was not pursued to the higher courts, it is deemed waived, and further litigation on that issue will not be heard [in a federal habeas court] unless a petitioner can demonstrate cause and actual prejudice, or show that failure to consider the claims would result in a fundamental miscarriage of justice."); Terry v. Gillis, 93 F.Supp.2d 603, 611 (E.D. Pa. 2000)("Thus, because plaintiff failed to present both his claim regarding the jury charge and his claim that counsel was ineffective for not objecting to that charge to the Pennsylvania Superior Court and the Pennsylvania Supreme Court, his claims are procedurally defaulted"); Diventura v. Stepniak, No. 95-CV-0443, 1996 WL 107852, at *3 (E.D. Pa. March 11, 1996). Of course, it is possible that Petitioner could have "cause" to excuse this procedural default in the form of a claim(s) of ineffective assistance of trial counsel, since Petitioner had a federal constitutional right to counsel at that stage of the state court proceedings. However, any such claim of cause was itself procedurally defaulted when Petitioner failed to file an appeal from the PCRA trial Court's denial of relief in his first PCRA petition. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 453 (2000)(holding that "an ineffective- assistance-of-counsel claim

asserted as cause for the procedural default of another claim can itself be procedurally defaulted"). The same reasoning regarding the failure to file an appeal from the judgment of sentence applies to the failure to file an appeal from the PCRA Trial Court's denial of relief on the first PCRA petition. Hence, any issues which were actually raised in the first PCRA petition were procedurally defaulted due to Petitioner's failure to appeal to the Superior Court. Morever, no claim of cause (at least based upon ineffective assistance of counsel) would be available to Petitioner because he has no federal constitutional right to counsel during the PCRA proceedings. Coleman v. Thompson, 501 U.S. 722, 757 (1991) ("Because [the petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [his] claims in state court cannot constitute cause to excuse the default in federal habeas."); Hull v. Freeman, 991 F.2d 86, 91 (3d Cir. 1993) ("Under Coleman, ineffective assistance of post-conviction counsel cannot constitute 'cause' because the Sixth Amendment does not entitle a defendant to post-conviction counsel"). Finally, any and all issues raised in the "second PCRA petition" are likewise procedurally defaulted because the second PCRA petition was dismissed as time barred. Banks v. Horn, 49 F.Supp.2d 400 (M.D. Pa. 1999)(holding that the State Supreme Court's refusal to consider a death sentenced PCRA petitioner's claims because his PCRA petition was untimely, constituted a procedural default barring federal habeas review and that the PCRA's statute of limitations and its application by the state Courts were independent and adequate); Catanch v. Larkins, No. 98-85, 1999 WL 529036 (E.D. Pa. July 23, 1999)(holding certain claims which were not otherwise exhausted had been procedurally defaulted because the claims could not be brought under a second PCRA petition as that petition would be time barred and that the State courts apply the PCRA statute of limitations consistently, thus rendering it an

adequate and independent state law ground).

Accordingly, any issues that Petitioner raised in the state courts are procedurally defaulted, as are any issues that Petitioner has failed to raise in the State Courts and, thus, those issues cannot afford him relief here. Moreover, Petitioner fails to allege, as is his burden,[8] either cause or prejudice for the procedural defaults, or a miscarriage of justice,[9] despite the fact that the Respondents raised the defense that Petitioner procedurally defaulted his claims. Nor, on this record, is there any apparent basis for excusing the procedural defaults.

Lastly, because this Court concludes that jurists of reason would not find it debatable whether this petition is time barred and/or whether Petitioner has procedurally defaulted all of his claims, a Certificate of Appealability is properly denied.

An appropriate Order follows.

By the Court,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

---

[8] See Songer v. Wainwright, 733 F.2d 788, 792 (11th Cir. 1984)("The district court properly held that because defendant **alleged** neither cause nor prejudice, he is now barred from raising these claims.) (emphasis added), reh'g en banc granted and opinion vacated by, 758 F.2d 552 (11th Cir. 1985), opinion reinstated by, 769 F.2d 1497 (11th Cir. 1985); Elrich v. McCullion, 861 F.2d 720 (Table), 1988 WL 119461, at *1 (6th Cir. 1988)("petitioner was required to allege cause and prejudice to excuse his procedural default. See Engle v. Isaac, 456 U.S. 107 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977). Because petitioner has failed to allege cause and prejudice, the district court was precluded from reviewing his claims."); Simpson v. Jones, 238 F.3d 399 (6th Cir. 2000).

[9] Simpson v. Sparkman, 172 F.3d 49 (Table), 1998 WL 869967, at*4 (6th Cir. 1998) ("Therefore, the burden is on the defendant at this stage to make 'a colorable showing of factual innocence' in order to be entitled to the 'fundamental miscarriage of justice' exception"); Cross v. Cody, 25 F.3d 1056 (Table), 1994 WL 164592, at *2 (10th Cir. 1994) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate the failure to consider the claims will result in a fundamental miscarriage of justice.").

Dated: 15 April, 2009

cc: Roger Joel Karnes
FX-8208
SCI Houtzdale
P. O. Box 1000
Houtzdale, PA 16698

All counsel of record via CM-ECF